```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

ANA CASTELLANOS,

      Plaintiff,

v.                                      Case No: 2:15-cv-559-FtM-99MRM

MIDLAND FUNDING LLC and
AMERICAN INFOSOURCE LP,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Defendants' Motion to Dismiss (Doc. #21) filed on December 3, 2015. Plaintiff filed a Response (Doc. #22) on December 16, 2015. For the reasons stated below, the motion is granted.

**I.**

Plaintiff Ana Castellanos has filed a six-count Amended Complaint (Doc. #19) against Defendants Midland Funding LLC (Midland) and American InfoSource LP (AIS) alleging that Defendants violated the Fair Debt Collection Practices Act (FDCPA) by filing a time-barred proof of claim in Plaintiff's bankruptcy case. The underlying facts, as set forth in the Amended Complaint, are as follows:

Prior to September 2, 2014, Plaintiff owed a credit card debt (the Debt) to GE Money Bank. (Id. at ¶ 7.) On September 2, 2014,

Plaintiff and her husband filed a joint Chapter 13 bankruptcy petition. (Id. at ¶ 8.) At some point after Plaintiff incurred the Debt, Midland succeeded to GE Money Bank's interest in the Debt. (Id. at ¶ 7.) The statute of limitations to collect the debt expired before Plaintiff filed her bankruptcy petition. (Id. at ¶ 11.) On September 16, 2014, AIS, on behalf of Midland, submitted a proof of claim for the Debt in Plaintiff's bankruptcy case. (Id. at ¶ 9.) According to Plaintiff, Defendants knew that their proof of claim was time-barred and it was Defendants' standard practice to knowingly file time-barred proofs of claim. (Id. at ¶¶ 13-14.) Based on these allegations, Plaintiff contends that Defendants violated the FDCPA by (1) making a false representation of the legal status of a debt; (2) using a false representation and deceptive means to collect a debt; and (3) using unfair and unconscionable means to collect a debt. Defendants now move to dismiss, arguing that because the Bankruptcy Code permits creditors to file time-barred proofs of claim, such conduct cannot constitute a FDCPA violation. Plaintiff concedes that the Bankruptcy Code permits filing stale proofs of claim, but argues that doing so nevertheless violates the FDCPA.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzaín, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity

and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

The FDCPA "prohibits 'debt collectors' from making false or misleading representations and from engaging in various abusive and unfair practices." Heintz v. Jenkins, 514 U.S. 291, 292 (1995). In Crawford v. LVNV Funding, LLC, the Eleventh Circuit held that filing a time-barred proof of claim in bankruptcy court violated the FDCPA. 758 F.3d 1254, 1262 (11th Cir. 2014) cert. denied, 135 S. Ct. 1844 (2015). To the contrary, the Bankruptcy Code permits creditors to file proofs of claim without regard to the statute of limitations. Id. at 1259. Although it recognized the inherent conflict, the Eleventh Circuit specifically "decline[d] to weigh in on . . . [w]hether the Code 'preempts' the FDCPA when creditors misbehave in bankruptcy," and noted that its sister circuits are split on the issue. Id. at 1262 n.7

Following Crawford, various courts within this District have addressed the preemption issue head on. See Mears v. LVNV Funding, LLC, No. 14-CV-01333, 2015 WL 7067856, at *3 (M.D. Fla. Nov. 5, 2015) (the Bankruptcy Code precluded an FDCPA claim for a time-barred proof of claim); Neal v. Atlas Acquisitions, LLC, No. 14-CV-1113, 2015 WL 5687785, at *3-7 (M.D. Fla. Sept. 25, 2015); (same); In re Seak, No. 13-BK-5446, 2015 WL 631578, at *2 (Bankr. M.D. Fla. Jan. 22, 2015) (debtor may pursue FDCPA cause of action

4

for filing a time-barred proof of claim). In Neal and Mears, courts in this District concluded that the Bankruptcy Code precluded a debtor from pursuing an FDCPA cause of action against a creditor who files a time-barred proof of claim. 2015 WL 7067856, at *3; 2015 WL 5687785, at *3-7. To reach that conclusion, the Neal and Mears courts explained that the Bankruptcy Code provides a remedial scheme for debtors faced with creditor misconduct. Id. Of particular relevance here, the Bankruptcy Code provides the debtor a means to object to impermissible proofs of claim, such as those that are time-barred. Id. Thus, following the cannon of statutory interpretation that a later statute should not be read to implicitly repeal an earlier one, the Neal and Mears courts concluded that the FDCPA must yield to the Bankruptcy Code. Id. Put another way, if FDCPA actions were allowed in this context, "debtors would be encouraged to file adversary proceedings instead of simply an objection to the creditor's claim, which is incredibly inefficient and undermines the process provided by the Bankruptcy Code." Neal, 2015 WL 5687785, at *6. Therefore, the Neal and Mears courts held that the FDCPA does not provide a private right of action against a creditor who files a stale proof of claim in a bankruptcy case. 2015 WL 7067856, at *3; 2015 WL 5687785, at *3-7.

In reaching the opposite conclusion, the court in Seak relied heavily upon the fact that the Eleventh Circuit allowed the

5

debtor's FDCPA claim to proceed in Crawford. However, as the Eleventh Circuit raised the issue of preclusion but declined to address it because it was not argued by the debt collector, the Court does not find Seak particularly persuasive. Instead, the Court is persuaded by the reasoning in Mears and Neal. Under the facts presented here, the FDCPA and the Bankruptcy Code are at an irreconcilable conflict because the FDCPA prohibits filing a time-barred claim while the Bankruptcy Code permits it. In such cases, the FDCPA must yield to the Bankruptcy Code, which already provides protections for debtors faced with stale proofs of claim. Accordingly, the Court joins the Mears and Neal courts in holding that the FDCPA does not provide a private right of action against creditors who file time-barred proofs of claim in bankruptcy court. As each of Plaintiff's six counts is premised on Defendants filing a proof of claim for the time-barred Debt, Defendants' motion to dismiss must be granted and the Complaint must be dismissed.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. #21) is **GRANTED** and the Amended Complaint (Doc. #19) is **dismissed with prejudice** to filing independent FDCPA causes of action, but **without prejudice** to objecting to the claims in the bankruptcy court proceedings.

2. The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___4th___ day of January, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

7